**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAKEVIEW LOAN SERVICING, LLC.,<br><br>Plaintiff,<br>-against-<br><br>DAVEEN S. SKEEN, KEVON SKEEN, JACQUELINE DURRANT, SECRETARY OF HOUSING AND URBAN DEVELOPMENT, JOHN DOES #1-100,<br><br>Defendants. | **REPORT AND RECOMMENDATION**<br>**24-cv-04760 (GRB) (ST)** |
| DAVEEN S. SKEEN, KEVON SKEEN, and JACQUELINE DURRANT,<br><br>Plaintiff,<br>-against-<br><br>LAKEVIEW LOAN SERVICING, LLC., et al.,<br><br>Defendants. | **REPORT AND RECOMMENDATION**<br>**25-cv-03152 (GRB) (ST)** |

**TISCIONE, United States Magistrate Judge:**

On November 8, 2019, Daveen Skeen, Kevon Skeen, and Jacqueline Durrant ("Borrowers") purchased property located in Uniondale, New York. Borrowers executed a note and mortgage in favor of Nationstar Mortgage LLC ("Nationstar") on the same day for $456,577. On August 1, 2022, Borrowers defaulted on the terms of the mortgage. On December 19, 2022, the mortgage was assigned to Lakeview Loan Servicing LLC ("Lakeview"). On February 23, 2023, Lakeview brought a foreclosure action in New York state court. That garden variety foreclosure mutated into three separate federal actions: 24-cv-5455, 24-cv-4760, and 25-cv-3152.

-1-

Now before this Court is Lakeview's motion for summary judgment under 24-cv-4760, and Lakeview's and Nationstar's motions to dismiss under 25-cv-3152.[1]

For the reasons set for the below: Lakeview's motion for summary judgment should be GRANTED in part; Nationstar's and Lakeview's motions to dismiss should be GRANTED; Borrowers' motions should be DENIED.

## **JURISDICTION & VENUE**

This Court has subject matter jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. This Court has personal jurisdiction over Borrowers as they reside in New York. Venue is appropriate in Central Islip as the subject property is in Nassau County.

## **BACKGROUND[2]**

### I.      Parties

Deveen Skeen (aka "Veenie Staacia Skeen El"), Kevon Skeen, and Jacqueline Durrant reside in Uniondale. Borrowers are signatories and obligors under the note and mortgage. Borrowers are *pro se* and collectively the Defendants in 24-cv-4760 and the Plaintiffs in 25-cv-3152.

Nationstar is the original lender and assignor under the note and mortgage. Lakeview is the assignee and holds the note and mortgage. Lakeview is seeking foreclosure. The United States Department of Housing and Urban Development's ("HUD") was named as a subordinate lienholder in the initial foreclosure proceeding.

---

[1] Also pending under 24-cv-4760 are a series of largely duplicative motions filed by Borrowers.
[2] All factual allegations are derived from the complaints as well as documents integral to the filings and upon which the filings rely under both docket numbers. *See Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005). The complaint under docket number 24-cv-4760 (ECF No. 1-1) will be referred to as the Lakeview Complaint ("Lakeview Compl."). The complaint under docket number 25-cv-3152 (ECF No. 1) will be referred to as the Skeen Complaint ("Skeen Compl.").

## II.    Factual Allegations

On November 8, 2019, Borrowers purchased property located in Uniondale. Lakeview Compl. ¶¶ 3, 21. To secure funding for the property, Borrowers executed a note and mortgage in favor of Nationstar for $456,577. *Id*. ¶¶ 3-4. The mortgage was recorded with the Nassau County Clerk on April 19, 2022. *Id*. ¶ 4. On December 19, 2022, Nationstar assigned the mortgage to Lakeview. *Id*. ¶ 5. The assignment was recorded with the Nassau County Clerk on December 19, 2022. *Id*. On August 1, 2022, Borrowers defaulted on their mortgage; the default remains outstanding. *Id*. ¶ 7. Lakeview now seeks foreclosure.

Borrowers' affirmative action under 25-cv-3152 seeks to prevent foreclosure and quiet title under Real Property Actions and Proceedings Law ("RPAPL") § 15. Skeen Compl. at 1 ¶ 1. Borrowers allege Lakeview failed to prove ownership of the debt, possession of the note, and valid assignment. *Id*. at 1 ¶¶ 2-3. Borrowers claim they sent Lakeview a "lawful bill of exchange" on December 13, 2022, discharging their debt obligation. *Id*. at 2 ¶ 5. The complaint, however, does not allege Borrowers paid their mortgage or resolved default. They merely claim to have unilaterally voided their debt. Importantly, the Skeen Complaint states, in relevant part:

> This is not a lawsuit to avoid a valid debt. It is a demand for truth, accuracy, and lawful enforcement. Plaintiff simply seeks to determine - with full transparency and documentation - what, if anything, remains legally owed, and to whom. If a valid balance exists, Plaintiff stands ready to resolve it.

*Id*. ¶ 4. In sum, Borrowers seek to prevent foreclosure by attacking Lakeview's standing and arguing the debt is no longer owed – a restatement of their defense under 24-cv-4760.

## III.    Procedural History

On February 23, 2023, Lakeview filed a foreclosure action in New York State Court. *See* Lakeview Compl. Prior to commencement of the action, Lakeview provided Borrowers 90-day

notice pursuant to RPAPL § 1306. *Id*. ¶ 9. Borrowers removed that action to this Court on June 27, 2024, under docket 24-cv-4760.

On July 29, 2024, Daveen Skeen filed a complaint under docket 24-cv-5455. There, Skeen sued the CEOs of several financial institutions related to the foreclosure action including Julio Aldecocea – CEO of Lakeview – and Jay Bray – CEO of Nationstar. The complaint includes

> many irrelevant references to admiralty and maritime law and asserts claims resembling those often made by so- called 'sovereign citizens.' However, a generous interpretation of the Complaint suggests that this is an intended breach of contract action, arising from Plaintiff's claim that her mortgage lender is foreclosing on her property despite her allegations that her mortgage has, somehow, already been paid off.

*Daveen S Skeen Life Est. v. Aldecocea,* No. 24-CV-5455 (GRB) (ST), 2025 WL 3451978, at *7 *report and recommendation adopted* (E.D.N.Y. July 18, 2025). Daveen Skeen made many of the same assertions presently before this Court. That matter was dismissed with prejudice on August 5, 2025.

On June 6, 2025, Borrowers filed their complaint against Lakeview, Nationstar, and HUD under docket 25-cv-3152. The allegations are duplicative of Borrowers opposition to summary judgment under 24-cv-4760.

On May 12, 2025, Lakeview moved for summary judgment under 24-cv-4760 (ECF No. 37). Borrowers move for a variety of relief characterized as a:  motion to dismiss (ECF No. 26), motion in limine (ECF No. 31), motion to compel (ECF No. 32), amended motion to dismiss (ECF No. 33), motion to strike (ECF No. 35), a letter motion to amend (ECF No. 39), and a notice of motion for return of property (ECF No. 47). These motions are more accurately characterized as foreclosure opposition.

On November 28, 2025, Nationstar and Lakeview moved to dismiss under 25-cv-3152 (ECF Nos. 25-28). On December 9, 2025, this Court denied HUD's request for a pre-motion

conference for a motion to dismiss. *See* Docket Order Dated December 9, 2025. That order directed HUD to file the fully briefed motion to dismiss along with all opposition and reply by February 23, 2026. *Id*. HUD has failed to do so.

All motions have been referred to this court for a report and recommendation.

## DISCUSSION

### I.    24-cv-4760 Summary Judgment

#### a. *Standard*

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). However, not every dispute is genuine and not every fact is material. "A fact is material for these purposes if it might affect the outcome of the suit under the governing law. An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Lovejoy–Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001).

The moving party has the burden of meeting this standard. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). If the moving party meets their burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008).

#### b. *Foreclosure*

"Under New York law, summary judgment in a mortgage foreclosure action is appropriate where the Note and Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note." *Regency Sav. Bank, F.S.B. v. Merritt Park Lands Assocs.*, 139 F. Supp. 2d 462, 465 (S.D.N.Y. 2001). Accordingly, "three elements must be established in order to sustain a foreclosure claim: (1) the proof of the existence of an obligation

secured by a mortgage; (2) a default on that obligation by the debtor; and (3) notice to the debtor of that default." *United States v. Paugh*, 332 F. Supp. 2d 679, 680 (S.D.N.Y. 2004); *Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 414-15 (E.D.N.Y. 2018) ("Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has demonstrated its prima facie case of entitlement to judgment."). Lakeview satisfies all three elements.

As to the first element, Lakeview must demonstrate it either possessed the note or was the assignee at the time the action was commenced. *See OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016); *Windward Bora, LLC v. Regalado*, 751 F. Supp. 3d 122, 132 (E.D.N.Y. 2024) (quoting *E. Sav. Bank, FSB v. Thompson*, 631 F. App'x 13, 15 (2d Cir. 2015)) ("Under New York law, 'written assignment . . . is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident.' "); *Wells Fargo Bank, N.A. v. Rooney*, 132 A.D.3d 980, 981 (2015) ("A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.")

Lakeview produced a copy of the note and mortgage. *See* Note and Mortgage, ECF No. 37-15. Both documents demonstrate Borrowers are signatories and obligors under the instruments. Moreover, Lakeview produced a copy of the assignment of the mortgage from Nationstar dated December 19, 2022 – some three months prior to commencement of the foreclosure. *See* Assignment, ECF No. 37-16. Accordingly, the first prong is satisfied.

As to the second element, to establish default, "[t]here must be some proof in the form of an affidavit of a person with knowledge, or a complaint verified by a person with knowledge." *Bankers Fed. Sav. FSB v. Somerset Apartment Corp.*, 151 Misc. 2d 569, 570 (N.Y. Sup. Ct. 1991); *accord Fortress Credit Corp. v. Alarm One, Inc.*, 511 F. Supp. 2d 367, 371 (S.D.N.Y. 2007). Here, Lakeview produced an affidavit from Linda Brown, an Assistant Secretary with LoanCare, LLC –

-6-

Lakeview's servicer. *See* Brown Affidavit, ECF No. 37-13. The affidavit certifies Borrowers defaulted on their mortgage August 1, 2022. *Id.* ¶ 8. Further, Lakeview produced a copy of the loan payment history demonstrating same. *See* Payment History, ECF No. 37-17. The second prong is satisfied.[3]

As to the third element, Lakeview complied with all notice requirements. RPAPL § 1304 requires, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . such lender, assignee or mortgage loan servicer shall give notice to the borrower." Lakeview produced a copy of the 90-day notice sent via certified mail to each Defendant. *See* 90-Day Notice, ECF No. 37-19. Lakeview also certifies to such notice. Brown Affidavit ¶ 11. Such satisfies RPAPL's notice requirements. *CIT Bank N.A. v. Schiffman*, 999 F.3d 113, 117 (2d Cir. 2021); *Paugh*, 332 F. Supp. 2d at 68. Lakeview has established a *prima facie* foreclosure case, and the burden shifts to Borrowers.

   c. *Borrowers' Opposition*

"Once the plaintiff has established its prima facie case by presenting the Note, Mortgage and proof of default, the Mortgagee has a presumptive right to foreclose which can only be overcome by an affirmative showing by the Mortgagor." *Merritt Park Lands Assocs.*, 139 F. Supp. 2d at 465–66.

Borrowers' opposition is, in a word, confusing. *See* Defs' Oppo., ECF No. 39. The opposition was filed as a Letter Motion to Amend/Correct/Supplement. Upon examination, the filing consists of: (1) Borrowers' Local Rule 56.1(b) opposing statement of material facts; (2)

---

[3] To be sure, Borrowers do not deny they defaulted on their mortgage, instead asserting they unliterally discharged their debt obligation – a flawed argument addressed further below.

Borrowers' opposition; and (3) an invalid attempt to grant Daveen Skeen power of attorney over Kevon Skeen and Jacqueline Durrant.

The opposition was prepared and filed by Daveen Skeen on behalf Kevon Skeen, and Jacqueline Durrant. *See* Defs' Oppo., ECF No. 39-2. Daveen Skeen, however, is not an attorney and may not represent other parties. *See* N.Y. Judiciary Law §§ 478, 484; 28 U.S.C. § 1654. Borrowers are *pro se*, and "because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause." *Iannaccone v. L.*, 142 F.3d 553, 558 (2d Cir. 1998). To be clear, "[i]t is well settled in both the federal and New York State courts that a power of attorney may not be construed to evade prohibitions against the unauthorized practice of law." *In re Sudano, Inc.*, 391 B.R. 678, 687 (Bankr. E.D.N.Y. 2008) (collecting cases), *aff'd sub nom. Bongiovanni ex rel. Bongiovanni v. Grubin*, 451 F. App'x 53 (2d Cir. 2011). Put succinctly by one New York court, "[t]o construe a power of attorney so as to permit a non-attorney to appear and represent a principal in a court of record would be to permit the licensing and admission requirements to be circumvented." *Stokes v. Vill. of Wurtsboro*, 474 N.Y.S.2d 660, 661 (Sup. Ct. 1984).

The substance of the opposition is equally defective. Borrowers' argument is twofold. First, Borrowers attack Lakeview's standing to foreclose, alleging its failure to procure the wet ink note and complete chain of title violates New York law. Defs' Oppo. at 5 ¶ 1. Second, Borrowers contend they sent Lakeview an "International Bill of Exchange (IBOE) as lawful discharge of the alleged obligation[,]" and Lakeview's "acceptance without timely rejection constitutes a legal discharge of the debt." *Id*. at 8 ¶ 4. Both arguments fail.

### i.    Standing

Borrowers allege a copy of the note and supporting affidavit is insufficient to confer standing on Lakeview. Not so. "New York courts have repeatedly held that proof of physical possession—such as the affidavits . . . is sufficient on its own to prove a plaintiff's standing to foreclose." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 223 (2d Cir. 2016). Moreover, production of the original wet-ink note is not necessary, as "a copy of the note" is sufficient. *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez*, 712 F. Supp. 3d 324, 333 (E.D.N.Y. 2024). Again, Lakeview produced affidavits as well as copies of the note and mortgage. *See supra*.

Borrowers further allege Lakeview failed to produce a "perfected transfer" and "continuous chain of title[.]" Defs' Oppo. at 5 ¶ 3. Such proof is not necessary, as Lakeview has "no obligation to provide details pertaining to the transfer or delivery" to confer standing to foreclose. *OneWest Bank, N.A.*, 827 F.3d at 223 (2d Cir. 2016). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation." *Onewest, F.S.B. v. Goddard*, 131 A.D.3d 1028, 1029 (2015). "No special form or language is necessary to effect an assignment as long as the language shows the intention of the owner of a right to transfer it." *Tawil v. Finkelstein Bruckman Wohl Most & Rothman*, 223 A.D.2d 52, 55 (1996). Lakeview provided a copy of the assignment and has standing to foreclose. *See* Assignment, ECF No. 37-16.

### ii.    UCC Defense

Next, Borrowers assert that the mortgage was unilaterally discharged. Defs' Oppo at 6 ¶ 5. Importantly, Borrowers do not claim they paid their mortgage, instead arguing they relieved their debt "through the lawful tender of an International Bill of Exchange" under the Uniform

Commercial Code. Defs' Oppo. at 3 ¶ 4. Borrowers continue they "provided a private settlement instrument" and "Plaintiff has not returned the instrument or filed a notice of dishonor." *Id*. at 6 ¶ 5. Borrowers assert this "stands as unrebutted proof of discharge under commercial law." *Id*. The argument is legally baseless. Nevertheless, in light of Borrowers' *pro se* status, the argument will be viewed liberally as a breach of contract defense as has been done by other courts. *See Hall v. Select Portfolio Servicing Inc.*, 2025 WL 1042339 (S.D.N.Y. Jan. 14, 2025), *report and recommendation adopted*, 2025 WL 958542 (S.D.N.Y. Mar. 31, 2025) (interpreting international discharge theory as breach of contract).

As an initial matter, this argument is based on sovereign citizen theories which have been thoroughly debunked. "Hallmarks of a sovereign citizen pleading include, as is the case here, reliance on the UCC as well as attachments suggesting a bad-faith, unilateral effort to discharge debts." *Gerken v. Cap. One Fin. Corp.*, 2024 WL 5378958, at *2 (N.D.N.Y. Nov. 27, 2024), *report and recommendation adopted* 2025 WL 47962 (N.D.N.Y. Jan. 8, 2025). "[S]overeign-citizen type theories and ideology . . . are frivolous, irrational, unintelligible, and ungrounded in American law." *United States v. Herbert*, 2024 WL 2972043, at *3 (W.D.N.Y. June 13, 2024). Again, the sum of Borrowers' argument is that they sent:

> an International Bill of Exchange (IBOE) tendered under the Gold Clause. The I BOE was never returned or dishonored in accordance with UCC Article 3, and as such, stands as lawful discharge of the alleged obligation under UCC § 3-603 and the principles of estoppal by silence.

Defs' Oppo. at 5 ¶ 2. The argument, boiled to its essence, is that Lakeview failed to respond to Borrowers letter asserting they no longer owed debt, thereby absolving Lakeview of their ability to foreclose.

Courts have routinely rejected this argument. *See e.g., Gerken*, 2024 WL 5378958, at *3. ("Plaintiff's argument - that defendant is compelled to discharge his outstanding debt based on the

'negotiable instrument' submitted by him - is one that other sovereign citizens have raised, and which has been universally rejected."); *Balash-Ioannidou v. Contour Mortg. Corp.*, 2022 WL 3358082, at \*2 (E.D.N.Y. Aug. 15, 2022) ("To the extent the plaintiff claims that her notary presentment discharges her debt, the claim lacks an arguable basis in law or fact."); *Hall*, 2025 WL 1042339, at \*6 (S.D.N.Y. Jan. 14, 2025) (quoting *Karlin v. Avis*, 457 F.2d 57, 62 (2d Cir. 1972)) ("To the extent Plaintiff alleges that Borrowers' silence should be construed as acceptance of his offer, 'an offeror has no power to transform an offeree's silence into acceptance when the offeree does not intend to accept the offer.' ").

These holdings reaffirm the basis of contract formation: "[t]o form a binding contract there must be a meeting of the minds such that there is a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms." *Stonehill Cap. Mgmt., LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 (2016) (citations and quotation marks omitted). Controlling here, "absent a duty to speak, a party's silence cannot be translated into an acceptance of an offer to contract." *Bronner v. Park Place Ent. Corp.*, 137 F. Supp. 2d 306, 312 (S.D.N.Y. 2001). Borrowers' attempt to unilaterally void the debt fails and summary judgment is appropriate.

 *iii.* *Counterclaim*

Borrowers bring a terse counterclaim that there was fraud at the closing of the mortgage and Lakeview breached its fiduciary duty. Borrowers make no factual assertions to support these conclusions, let alone provide proof. "Allegations of fraud must be pled with sufficient particularity[.]" *Kottler v. Deutsche Bank AG*, 607 F. Supp. 2d 447, 462 (S.D.N.Y. 2009). Like here, "[w]here there are multiple defendants, Rule 9(b) requires that the plaintiff allege facts specifying each defendant's contribution to the fraud." *Alnwick v. Eur. Micro Holdings, Inc.*, 281

F. Supp. 2d 629, 639 (E.D.N.Y. 2003). Borrowers' conclusory counterclaim falls short of that standard and must be dismissed. *See Phoenix Companies, Inc. v. Concentrix Ins. Admin. Sols. Corp.*, 554 F. Supp. 3d 568, 585 (S.D.N.Y. 2021) (holding counterclaims evaluated under same standard as affirmative pleading).

### D. Amendment of the Caption

Lakeview moves to substitute John Doe #1 with Veenie Skeen upon learning that Veenie Skeen resides at the property. Lakeview also seeks to remove the John Doe defendants from the case caption. Lakeview provides no law or support for the requests.

Rule 21 provides, in relevant part, "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. In deciding a Rule 21 request, "[a] court has broad discretion in determining whether to add or drop parties, . . . which is guided by principles of fundamental fairness and judicial efficiency." *BBK Tobacco & Foods, LLP v. 7th St. Vill. Farm Inc.*, 2017 WL 8723938 at *1 (S.D.N.Y. June 15, 2017) (citations and internal quotation marks omitted). RPAPL § 1311 requires the foreclosing party to name as defendants all persons with interest in the property. *Polish Nat. All. of Brooklyn, U.S.A. v. White Eagle Hall Co.*, 98 A.D.2d 400, 403, 470 N.Y.S.2d 642 (1983). Accordingly, Lakeview's request must be considered against RPAPL § 1311's pleading requirement.

Lakeview's first request should be denied because Veenie Skeen and Daveen Skeen are the same person. Such is readily apparent in Daveen Skeen's numerous affidavits. *See* Defs' Oppo., ECF No. 39-1 ("I, Daveen S. Skeen, also known as Veenie Staacia Skeen El[.]"). Lakeview's second request to remove the John Doe Defendants from the caption should be granted as they are no longer necessary parties.

### E. Default Judgment

As a final point on docket 24-cv-4760, Lakeview requests leave to move for default judgment against Borrowers. Obtaining a default judgment is a two-step process. *See* Fed. R. Civ. P. 55. Step one is to obtain an entry of default from the Clerk of Court. *See* Fed. R. Civ. P. 55(a). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *Id*. Lakeview, however, has neither requested nor obtained a certificate of default against any party and has not complied with Rule 55.

Further, this Court must ensure the movant "took all the required procedural steps" under the Local Rules. *J & J Sports Prods., Inc. v. Vergara*, 19-cv-2382 (FB) (VMS), 2020 WL 1034393, at *2 (E.D.N.Y. Feb. 6, 2020) (citations omitted), *report and recommendation adopted*, 2020 WL 1031756 (E.D.N.Y. Mar. 3, 2020); *see Contino v. United States*, 535 F.3d 124, 126 (2d Cir. 2008) ("Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution."). A movant's failure to do so warrants denial of the motion. *Mulligan Funding LLC v. Tommy Interior Contracting Corp.*, 741 F.Supp.3d 1, 12–13 (E.D.N.Y. July 23, 2024). Lakeview has not complied with any part of Local Civil Rule 55.1-2. Accordingly, the request should be denied.

## II.    25-cv-3152

Borrowers' affirmative pleadings under 25-cv-3152 are duplicative of their foreclosure defenses, claiming Lakeview lacks standing and they unilaterally resolved their debt. In addition, Borrowers seek to quiet title under RPAPL § 15.  These arguments are both facially defective and barred by res judicata.

### a. Res Judicata

Res judicata applies where: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000). The above summary judgment resolves all claims related to the foreclosure, preventing Borrowers' from bringing affirmative pleadings here.

First, "[i]t is well-established that summary judgment is an adjudication on the merits for res judicata purposes." *Rafter v. Liddle*, 704 F. Supp. 2d 370, 375 (S.D.N.Y. 2010) (collecting cases).

Second, 25-cv-3152 and 24-cv-4760 involve the same parties: Jacqueline Durrant, Kevon Skeen, Daveen Skeen, Lakeview, and HUD. The only additional party in 25-cv-3152 is Nationstar. Nationstar's absence in the foreclosure proceeding, however, does not defeat res judicata due to its privity with Lakeview. "It is well settled in this circuit that literal privity is not a requirement for *res judicata* to apply." *Monahan*, 214 F.3d at 285.  Privity is satisfied where "the interests of the party against whom claim preclusion is asserted were represented in prior litigation." *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 346 (2d Cir. 1995); *see also Alpert's Newspaper Delivery Inc. v. The New York Times Co.*, 876 F.2d 266, 270 (2d Cir. 1989) (Privity satisfied where the absent party's "interests were adequately represented by another vested with the authority of representation is bound by the judgment, even though the first party was not formally a party to the litigation.").

Controlling here, New York law extends privity to "those who are successors to a property interest[.]" *Watts v. Swiss Bank Corp.*, 27 N.Y.2d 270, 277 (1970). Under this standard, Nationstar is in privity with Lakeview through an assignee-assignor relationship. The Supreme Court has

recognized that "nonparty preclusion may be justified based on a variety of pre-existing substantive legal relationships between the person to be bound and a party to the judgment[,] . . . [including] . . . assignee and assignor." *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008) (citation and modifications omitted). This logic has been adopted by New York state courts. *Tamily v. Gen. Contracting Corp.*, 210 A.D.2d 564, 566 (1994) (recognizing res judicata where assignee-assignor relationship established before adjudication on the merits).[4]

Third, the claims in 25-cv-3152 either were raised or could have been raised in 24-cv-4760, i.e., standing, unilateral debt discharge, and quiet title. To the extent Borrowers assert res judicata is inapplicable because the arguments raised in their affirmative pleadings were initially raised as defenses, such argument fails. *Clarke v. Frank*, 960 F.2d 1146, 1150 (2d Cir. 1992) (emphasis added) (Res judicata prevents relitigating "any issue *or defense* that could have been raised[.]").

Moreover, while Borrowers did not attempt to quiet title in the foreclosure action, they *could* have, and res judicata specifically contemplates such circumstances. To be sure, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been raised* in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (emphases added).

Indeed, quiet title counterclaims under RPAPL § 15 are routinely asserted in the Second Circuit. *See Windward Bora LLC v. Sotomayor*, 113 F.4th 236, 239 (2d Cir. 2024); *In re Daphnee*, 2024 WL 3039808, (Bankr. E.D.N.Y. June 14, 2024); *Brown v. Amarante*, 2024 WL 4716364 (S.D.N.Y. Nov. 8, 2024), *report and recommendation adopted,* 2025 WL 934318 (S.D.N.Y. Mar.

---

[4] *See also Tanasi v. CitiMortgage, Inc.*, 257 F. Supp. 3d 232, 260 (D. Conn. 2017) ("An assignee of a mortgagee is also in privity with the assignor for res judicata purposes."); *Worthy-Pugh v. Deutsche Bank Nat'l Tr. Co.*, 664 F. App'x 20, 22 (2d Cir. 2016) (same).

27, 2025). Borrowers could have attempted to quiet title in the foreclose and are barred from doing so now.

This Court is further persuaded by New York's transactional interpretation of res judicata. "Under New York's transactional approach to res judicata, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Sosa v. JP Morgan Chase Bank*, 33 A.D.3d 609, 611 (2006) (citation and quotation marks omitted). The transactional test asks "whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *N.L.R.B. v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). Borrowers' claims arise out of the same transaction – the purchase of the home and subsequent foreclosure proceeding – and rely on the same facts and evidence.

In sum, Borrowers' complaint is duplicative to their foreclosure opposition and barred by res judicata. Nevertheless, out of an abundance of caution, this Court will briefly address the merits of the motions to dismiss.

a. *Motion to Dismiss*

To survive a 12(b)(6) motion, a complaint must contain sufficient facts such that "a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the factual allegations allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

at 679. In doing so, the Court must accept the complaint's well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Gamm*, 944 F.3d at 458. However, allegations that "are no more than conclusions are not entitled to the assumption of truth." *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010); *see Iqbal*, 556 U.S. at 663 ("the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."); *Larsen v. Berlin Bd. of Educ.*, 588 F.Supp.3d 247, 256 (D. Conn. 2022) ("a court need not credit conclusory or contradictory allegations.").

These mandates apply to represented parties and *pro se* litigants alike. Although courts construe *pro se* pleadings liberally, *see McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), a pro se complaint must still "state a claim that is plausible on its face." *Mancuso v. Hynes*, 379 Fed. Appx. 60, 61 (2d Cir. 2010); *see also Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint); *King v. New York*, 2023 WL 5625440, at *3 (E.D.N.Y. Aug. 31, 2023) (Brown, J.) (noting that a pro se plaintiff is not exempt from compliance with procedural and substantive law). As demonstrated above the merits of Borrowers' arguments fall short.

First, Lakeview has standing and has made a prima facie foreclosure case. Lakeview produced a copy of a valid assignment, note, and mortgage, proof of Borrowers' failure to pay the mortgage, and copies of 90-day notice. *See Supra*; *Gustavia Home, LLC*, 321 F. Supp. 3d at 414-15.

Second, the assertion Borrowers unilaterally discharged their debt – not through payment, but through sending Lakeview an international bill of exchange – is legally baseless. Such argument flies in the face of precedent and basic notions of contract formation. *see e.g.*, *Gerken*,

-17-

2024 WL 5378958, at *3; *Balash-Ioannidou*, 2022 WL 3358082, at *2; *Hall*, 2025 WL 1042339, at *6; *Stonehill Cap. Mgmt., LLC*, 28 N.Y.3d at 448.

Third, Borrowers' attempt to quiet title is facially defective. Borrowers merely assert Lakeview has no legal authority to foreclose. Borrowers offer no proof to support this claim. However, "in an RPAPL article 15 action, the burden is on the plaintiff to establish by a preponderance of the evidence that the disputed property is within its chain of title." *State v. Moore*, 298 A.D.2d 814, 815 (2002). Therefore, Borrowers must bring forth substantive evidence demonstrating they own the property, "and may not rely on any infirmities in its opponent's title." *Id*; *see also LaSala v. Terstiege*, 276 A.D.2d 529, 530 (2000) (a quiet title action "may not rely on the weakness of its adversary's title"). Borrowers' argument, however, relies on the alleged weakness of Lakeview's claim to the property. As such, the quiet title action fails.

This Court must briefly discuss Borrowers' opposition to Nationstar's motion to dismiss. *See* ECF No. 25-11. Specifically, Borrowers raise allegations of fraudulent assignment and forgery – duplicative to their counterclaim in 24-cv-4760. Such allegations do not appear in Borrowers' complaint. "It is well-settled that a plaintiff 'cannot amend [his] complaint by asserting new facts or theories for the first time in opposition to [a] motion to dismiss.'" *Peacock v. Suffolk Bus Corp.*, 100 F. Supp. 3d 225, 231 (E.D.N.Y. 2015) (quoting *K.D. v. White Plains Sch. Dist.,* 921 F.Supp.2d 197, 209 n. 8 (S.D.N.Y.2013).

At bottom, Borrowers' claims "lack[] an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Lakeview is entitled to foreclosure.

### III.   Borrowers' Motions

As a final point, this Court will address Borrowers' remaining motions under 24-cv-4760. Borrowers filed a motion to dismiss (ECF Nos. 26, 33) and five largely repetitive non-dispositive motions (ECF Nos. 31, 32, 35, and 47).

First, Borrowers did not comply with this Court's Individual Practice Rules, failing to request a pre-motion conference for the motion to dismiss and exceeding the three-page limit for all non-dispositive motions. *See* Individual Practice Rules, Sec. III.

Second, Borrowers' motions merely recite their flawed foreclosure opposition, i.e., standing and unilateral discharge. The arguments fail for the reasons set forth above. *See supra*.

Third, Borrowers' most recent filing is not a motion at all.  On December 30, 2022, Borrowers filed a "notice of motion for return of property." *See* ECF No. 47. The filing contains a document titled "release of personal property from escrow" signed by Daveen Skeen and filed with the Register of Deeds Office in Davidson County, Tennessee. The document appears to characterize this Court as a financial institution, references the case number as an account number, and contemplates personal property being held in escrow in this Court. One section of the filing reads:

> Whereas I, Daveen Stacey-ann Skeen, being a duly authorized representative of the United States government as a warranted contracting officer, have determined that retention in escrow of the following property is no longer required to ensure further performance of the said Government contract or satisfaction of claims arising therefrom.

This Court is entirely unfamiliar with the document. The 'motion' does not seek judicial relief and need not be addressed beyond noting its absurdity.

Borrowers' motions should be denied.

**CONCLUSION**

This Court respectfully recommends the District Court GRANT in part Lakeview's motion for summary judgment as follows:

- Lakeview is entitled to summary judgment and foreclosure.

- Lakeview's default judgment request should be denied.

- Lakeview's request to add Veenie Skeen to the case caption should be denied.

- Lakeview's request to remove John Does #1-100 should be granted.

- Any existing counterclaims should be dismissed.

This Court further respectfully recommends the District Court GRANT Nationstar's and Lakeview's motions to dismiss; and DENY Borrowers' motions.

**OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Cap. Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/ Steven Tiscione

Steven Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
February 25, 2026

-20-